IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LAURIE FOSTER MITCHELL, | § | |
| | § | |
|     *Plaintiff,* | § | |
| | § | |
| V. | § | CASE NO. 4:11-CV-716 |
| | § | Judge Clark/Judge Mazzant |
| THE BANK OF NEW YORK MELLON | § | |
| TRUST COMPANY, NATIONAL | § | |
| ASSOCIATION, ET AL., | § | |
| | § | |
|     *Defendants* | § | |

**MEMORANDUM ADOPTING REPORT AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On March 29, 2012, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint [Doc. #16] be granted in part and denied in part.

The Magistrate Judge recommended that plaintiff's declaratory judgment claim under the Texas Constitution that defendants do not hold a valid lien on plaintiff's homestead because defendants violated Section 50(a)(6)(L)(I) of the Texas Constitution should be dismissed because (a) there was no formal loan modification by defendants, and (b) no extension of credit by defendants allowing partial payments by plaintiff for a period of time.

Plaintiff objects, asserting that the Magistrate Judge's recommendation that plaintiff's Texas Constitutional claim should be dismissed should not be adopted by the Court because (a) no formal loan modification is required for a violation of Section 50(a)(6)(L)(I) of the Texas Constitution, and

1

(b) no extension of credit by defendants allowing partial payments for a period of time is required for a violation of Section 50(a)(6)(L)(I) of the Texas Constitution.

Plaintiff's argument that the defendants violated Section 50(a)(6)(L)(I) is premised upon her allegation that "in 2009 and 2010, GMACM … agreed to accept and in fact accepted periodic installments from plaintiff of $875, less than monthly, in amounts which were not substantially equal to the successive periodic installments due under the Texas Home Equity Note of $1,426.44."

The Magistrate Judge properly concluded that "Plaintiff fails to allege facts that would support a plausible violation of Section 50(a)(6)(L)(I)." Plaintiff urges that "[a]ll that is required for a violation of Section 50(a)(6)(L)(I) is a change in the agreed installment payments which would not have been permissible when the loan originated." Plaintiff cites no authority to support this reading of Section 50(a)(6)(L)(I). A review of section 50(a)(6) illustrates that it only applies to "extensions of credit." Because plaintiff does not allege that the original loan violated Section 50(a)(6)(L)(I), the only possible "extension of credit" upon which her Section 50(a)(6)(L)(I) claim could stand would be a formal permanent loan modification. Plaintiff alleges no facts showing that her loan was actually modified, and the Magistrate Judge properly recommended dismissal of her claim.

Plaintiff also objects to the Magistrate Judge's reliance upon *Pennington v. HSBC Bank USA, N.A.*, No. A–10–CA–785 LY, 2011 WL 6739609 (W.D. Tex. Dec. 22, 2011). The Magistrate Judge relied upon the text of the Texas Constitution and found that *Pennington* was persuasive authority. The Court finds no error.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by plaintiff [Doc. #24], as well as defendants' response to plaintiff's objections [Doc. #26], this Court is of the opinion that the findings and conclusions of the Magistrate

Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint [Dkt. #16] is **GRANTED** in part and **DENIED** in part. Plaintiff's second request for declaratory relief that defendants violated Article XVI, Section 50(a)(6)(L)(I) of the Texas Constitution is dismissed.

So **ORDERED** and **SIGNED** this **30** day of **July, 2012.**

_____
Ron Clark, United States District Judge